# UNITED STATES DISTRCIT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

DANIELA CORTAZAR-GARCIA,

    Plaintiff,

vs.                                      CASE NO: 1:21cv24366

WRIST AFICIONADO MIAMI, LLC,
WILLIAM KAKON, VADIM YOKUBOV, AND
EDDIE GOZIKER,

    Defendants.

_____/

## COMPLAINT

Plaintiff, DANIELA CORTAZAR-GARCIA, on behalf of herself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, WRIST AFICIONADO MIAMI, LLC, WILLIAM KAKON, VADIM YOKUBOV and EDDIE GOZIKER, and alleges:

1. This is an action arising from harassment, failure to pay overtime and wages, and provide employee benefits.

2. Plaintiff DANIELA CORTAZAR-GARCIA is a resident of Miami-Dade County, Florida, and *sui juris*.

3. Defendant, WRIST AFICIONADO MIAMI, LLC ("Wrist Aficionado") is a limited liability company that regularly transacts business within Miami-Dade County, Florida.

4. Wrist Aficionado was the employer of DANIELA CORTAZAR-GARCIA ("Cortazar-Garcia") from January 2021 to November 2021.

5. The individual Defendant WILLIAM KAKON ("Kakon") is a corporate officer and/or owner and/or manager of Wrist Aficionado, who ran the day-to-day operations for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work, and was therefore Plaintiff's employer as defined by 29 U.S.C. 203(d).

6. The individual Defendant VADIM YOKUBOV ("Yokubov") is a corporate officer and/or owner and/or manager of Wrist Aficionado, who ran the day-to-day operations for the relevant time period, and was involved in the control of Plaintiff's work, and was therefore Plaintiff's employer as defined by 29 U.S.C. 203(d).

7. The individual Defendant EDDIE GOZIKER ("Goziker") is a corporate officer and/or owner and/or manager of Wrist Aficionado, who ran the day-to-day operations for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and and was involved in the control of Plaintiff's work, and was therefore Plaintiff's employer as defined by 29 U.S.C. 203(d).

8. All acts or omissions giving rise to this dispute took place in or resulted in damage in Miami-Dade County, Florida.

9. Wrist Aficionado is a luxury watch store located in The Setai Miami.

10. Plaintiff was promised a salary, commissions and health benefits as an employee of Wrist Aficionado.

11. Defendants never supplied Plaintiff with promised health benefits as part of her employment.

12. Plaintiff is a single mother of two daughters, and Defendants know that her employment and payment of wages is critical to support her family.

13. Defendants never paid overtime to Plaintiff, despite her working more than 40 hours in an average week.

14. William "Mike" Kakon utilized his ownership of Wrist Aficionado to manipulate, lie, abuse and harass Plaintiff, including threatening termination of her employment for resisting his unwanted sexual advances.

15. Based on information and belief, Yokubov and Goziker were made aware of Kakon's actions toward Plaintiff and did nothing to prevent or limit the same.

16. Despite, Plaintiff notifying Yokubov and Goziker of Kakon's actions toward Plaintiff, they questioned and challenged her as to the occurrances and interaction with Kakon.

17. Plaintiff as satisfied her obligations, or they have been waived, to bring this action.

## COUNT ONE
## HARRASSMENT

Plaintiff sues Defendants Kakon and Wrist Aficionado and reincorporates the allegations in paragraphs 1 to 17 as if fully stated herein.

18. William "Mike" Kakon utilized his ownership of Wrist Aficionado to manipulate, lie, pressure, abuse and harass Plaintiff.

19. At one point, Plaintiff resisted Kakon's sexual advances, and in response he threatened to terminate her.

20. The harassment forced Plaintiff to seek mental health treatment.

21. In one example, Kakon took without permission Plaintiff's personal phone and started deleting messages and proof of his threats and harassment of her.

22. In another example, Kakon took unconsented actions against Plaintiff, including spitting on her and he has grabbed her in unwarnated sexual advances.

23. Despite being in a working situation at Wrist Aficionado, Plaintiff would receive from Kakon unwanted comments about her and her interaction with others as Kakon was watching her via the security cameras at the business.

24. Kakon lied to and manipulated Plaintiff claiming he was completely separated from his wife and he needed her.

25. On November 11, 2021, despite previously asking Kakon not to physically confront her at work, Kakon appeared at Plaintiff's work and physically confronter her. Kakon's actions made Plaintiff extremely uncomfortable to the point she began to physically shake and quickly left work. Kakon followed her from work and took numerous unwanted actions to prevent her from leaving. By example, Kakon physically placed himself between Plaintiff's car and her door so she could not close her car door to leave. Plaintiff begain to yell for Kakon to leave her alone, but he continued.

26. Also on November 11, 2021, Kakon physically restrained Plaintiff to prevent her from leaving and in anger due to her rejection of his unwanted sexual advances.

27. As a direct and proximate result of the Kakon's unlawful conduct, Plaintiff has suffered, and continues to suffer, the loss of income and the loss of benefits she would have received.

28. Plaintiff also suffered and continues to suffer, mental anguish, emotional distress and embarrassment, as a result of the unlawful conduct of the Kakon.

WHEREFORE, Plaintiff requests and prays for the following relief against Defendant Kakon and Wrist Aficionado:

a. Award Plaintiff actual damages;

b. Award Plaintiff compensatory damages for her mental anguish, emotional distress and embarrassment;

c. Award Plaintiff the costs of this action; and

d. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT TWO
## FEDERAL OVERTIME AND MINIMUM WAGE VIOLATION

Plaintiff sues all the Defendants and reincorporates the allegations in paragraphs 1 to 17 as if fully stated herein.

29. This action arises under the laws of the United States for the Fair Labor Standard Act.

30. This case is brought as a collective action under 29 U.S.C. 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime for work performed in excess of 40 hours weekly.

31. 29 U.S.C. §207(a)(1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

32. Plaintiff worked for Defendants from January 2021 to November 2021.

33. Defendants business activities involve those to which the Fair Labor Standards Act applies. Both Defendants' business and the Plaintiff's work for Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to her by the Defendants to use on the

job moved through interstate commerce prior to and and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while she worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

34. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

35. Upon information and belief, Wrist Aficionado had gross sales or business done in excess of $500,000 annually for the year 2021.

36. Plaintiff worked the days of November 8, 9, 10 and 11, 2021 ("November Week").

37. Defendants have not paid her salary, not even minimum wage, or commissions for the November Week.

38. During her employment, Plaintiff worked in excess of 55 hours a week for Defendants, including weeks where she came in additional day(s) to open or close the store, and was paid a base pay plus commissions, but was never paid the extra time and half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time and half time overtime rate for each hour worked above 40 in a week.

39. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act.

40. Defendants owe Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above, plus the November Week.

41. Defendants never posted any notice to inform employees of their federal rights to overtime and minimum wage payments.

42. Defendants refused to compensate for FLSA despite demand for payment.

WHEREFORE, Plaintiff requests and prays for the following relief against Defendants:

    a. Adjudge and decree that Defendants have violated FLSA and have done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    b. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest, plus the November Week;

    c. Award Plaintiff an equal amount in double damages/liquidated damages; and

    d. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees pursuant to statute; and

    e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT THREE
### RETALIATION

Plaintiff sues all the Defendants and reincorporates the allegations in paragraphs 1 to 17 as if fully stated herein.

43. Plaintiff made claims associated with improper business practices and Defendants retaliated against Plaintiff.

44. Defendants' retaliation is a violation of law, including pursuant to 29 USC §215(a).

45. Plaintiff is a single mother of two daughters, and Defendants know that her employment and payment of wages is critical to support her family.

46. Defendants' retailiation, including but is not limited to:

   a. Paid Plaintiff's wages and then reversing the payment;

   b. Threating termination;

   c. Making negative statements regarding Plaintiff to third parties to harm her future employment; and

   d. Refusing to pay commissions due.

47. Defendants' actions in retaliation were willful, intentional and with reckless disregard for Plaintiff's rights.

48. Plaintiff has suffered a loss of income, as well as mental anguish, emotional distress and embarrassment.

49. Due to the actions of Defendants, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests and prays for the following relief against Defendants:

   a. Adjudge and decree that Defendants have violated anti-retaliation laws, and have done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   b. Award Plaintiff actual damages;

   c. Award Plaintiff punitive damages;

   d. Enjoin Defendants continued retaliation, including providing information that potential employers should not hire her; and

   e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees pursuant to statute; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT FOUR
## FAILURE TO PAY WAGE

Plaintiff sues Wrist Aficionado and reincorporates the allegations in paragraphs 1 to 17 as if fully stated herein.

50. As a sales person for Wrist Aficionado, Plaintiff was entitled to a salary and commissions.

51. Wrist Aficionado was to pay her one (1%) percent commission on her sales.

52. Prior to November 2021, Wrist Aficionado would refuse to pay her commissions, and at times Kakon would claim he or the store was entitled to keep the commissions.

53. During the week of November 8, 2021, Plaintiff made sales that entitled her to a commissions of over $1,400.

54. As of this date, Defendants have not paid her commission for these sales.

55. Plaintiff worked November 8, 9, 10 and 11, 2021 at Wrist Aficionado.

56. Defendants have not paid her for her work on November 8, 9, 10 and 11, 2021 at Wrist Aficionado.

57. Plaintiff is damaged by Defendants failure to pay her properly pay her commissions and for her time worked.

WHEREFORE, Plaintiff requests and prays for the following relief against Defendants:

a. Adjudge and decree that Defendants have failure to pay commissions due, and have done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff actual damages;

   c. Award Plaintiff liquidated damages;

   d. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees pursuant to statute; and

   e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff demands a trial by jury as to all issues so triable.

*Respectfully submitted,*

Business and Family Law Center, Inc.
1290 Weston Road, Suite 218
Weston, Florida 33326
notices@swlawcenter.com
Tel: (954) 384-0998
Fax: (954) 384-5390

By: */s/ Kraig S. Weiss*
   Kraig S. Weiss, Esq.
   Fla. Bar No. 0063193